```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

AMERICAN RESTAURANT, INC.,                       CIVIL ACTION
ET AL

VERSUS                                                                  NO: 07-7206

FIDELITY NATIONAL PROPERTY                 SECTION: J(4)
AND CASUALTY INSURANCE
COMPANY

**ORDER AND REASONS**

Before the Court is Defendant Fidelity National Property and Casualty Insurance Company's ("FNPAC")[1] **Motion to Dismiss (Rec. Doc. 11)** pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. FNPAC seeks a dismissal of all of Plaintiffs' extra-contractual claims, including but not limited to claims under state and federal common law, for bad faith handling of Plaintiffs' claims as well as penalties, attorney's fees, and interest, leaving only Plaintiffs' breach of contract action to proceed.

This motion, which is opposed, was set for hearing on July

---

[1] FNPAC is a Write-Your-Own ("WYO") Program Carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP"), appearing in its fiduciary capacity as a fiscal agent of the United States.

9, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that FNPAC's motion should be granted in part and denied in part.

## Background Facts

FNPAC issued a Standard Flood Insurance Policy ("SFIP") to Plaintiffs covering their property which sustained damage due to Hurricane Katrina.  Plaintiffs' claims arise out of this damage and the manner in which FNPAC handled their policy claim.

Following the storm, Plaintiff American Restaurant, Inc. ("American Restaurant") notified FNPAC of its loss and filed claims.  In late-2005, FNPAC adjusted a portion of the damages through Colonial Claims Corporation, specifically Jessica Alcorn ("Alcorn").  FNPAC issued an initial payment of $27,000, which Plaintiffs allege did not fully compensate them for the damages sustained in light of the report prepared by Alcorn.  A supplemental inspection was performed, but FNPAC did not tender additional funds.  Plaintiffs subsequently filed suit.

## The Parties' Arguments

FNPAC seeks dismissal of all extra-contractual claims, including claims for penalties under Louisiana law, attorney's fees, costs, interest, and all other general and equitable relief.  According to FNPAC, all extra-contractual claims arising in the context of NFIP claims disputes are barred and preempted

by federal constitutional, statutory, and regulatory law, as well as by Supreme Court precedents.  See Wright v. Allstate Ins. Co., 415 F.3d 384 (5th Cir. 2005).  Specifically, FNPAC argues that there are five legal reasons why such claims must be dismissed: (1) Supreme Court precedents governing federal insurance and benefit programs, (2) FEMA's own regulatory bar to detrimental reliance claims, (3) Supremacy clause or "preemption" analysis, (4) Commerce Clause analysis, and (5) Appropriations Clause analysis.

In opposition, Plaintiffs argue that this Court can award extra-contractual damages in the instant matter under two separate theories; (1) the Equal Access to Justice Act ("EAJA"), and (2) under the Court's inherent equitable power.

In reply, FNPAC argues against any recovery under the EAJA, stating that not only did Plaintiffs fail to plea such relief in their initial pleadings, but also that such a demand for fees is premature.

### Discussion

The standard for dismissal for a Rule 12(c) motion for judgment on the pleadings is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).  Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004).  As set forth by the Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the standard to be applied when deciding a Rule 12(b)(6)

3

motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiffs have stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiffs are entitled to relief.  The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff.  <u>Tanglewood East Homeowners v. Charles-Thomas, Inc.</u>, 849 F.2d 1568, 1572 (5th Cir. 1988).

For the reasons stated in <u>Wright v. Allstate Ins. Co.</u>, 415 F.3d 384 (5th Cir. 2005) and <u>Wright v. Allstate</u>, 500 F.3d 390 (5th Cir. 2007), all extra-contractual claims, both state and federal, arising in the context of NFIP claims disputes are preempted and barred by federal law.  Likewise, post-judgment interest is not available on the judgment, since the federal government's role in a flood claim is so prominent that the award of post-judgment interest is likely barred by sovereign immunity. <u>Dwyer v. Fidelity National Property and Casualty Ins. Co.</u>, No. 06-4793, Doc. 46 at *12 (E.D. La. May 24, 2007) (Barbier, J.).

However, for the reasons stated in <u>Dwyer</u>, attorney's fees are potentially available under the EAJA as a WYO Company is considered an "instrumentality of the executive branch of the Federal Government," that is to say, suits against WYO Companies are suits against the United States.  <u>Id.</u> at *13-14.  Whether or not a WYO company is the "general agent" of FEMA, it represents

FEMA when it defends lawsuits and when it administers the flood program.  Id. at *12.  Therefore, the possibility of Plaintiffs recovering attorney's fees is not foreclosed.  As a result, this Court finds that FNPAC's motion should be granted in part and denied in part, leaving only Plaintiffs' breach of contract claim and the possibility of recovery of attorney's fees.  Accordingly,

**IT IS ORDERED** that FNPAC's **Motion to Dismiss (Rec. Doc. 11)** is hereby **GRANTED** in part and **DENIED** in part.

New Orleans, Louisiana, this 23rd day of July, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE